## BECK v. MALLER.

(Supreme Court, Appellate Division, Second Department. March 19, 1909.)

BILLS AND NOTES (§ 497*)—ACTION—PRESUMPTIONS.

In an action by an indorsee of a note against the maker, where defendant admits that the note was made for a valuable consideration, the plaintiff can stand on the presumption in Negotiable Instruments Law (Laws 1897, p. 733, c. 612) § 98, that every holder is deemed prima facie to be a holder in due course; but, when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1675–1686; Dec. Dig. § 497.*]

Jenks and Miller, JJ., dissenting.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Frank J. V. Beck against Osias Maller. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Joseph J. Schwartz, for appellant.
Charles E. Francis, for respondent.

WOODWARD, J. This action was brought to recover upon a promissory note, resulting in a judgment in favor of the plaintiff. The complaint, which is verified, alleges the making, consideration, delivery, and nonpayment of the note, and alleges that the note was indorsed by the payee and delivered to a third person, indorsement by such third party, and delivery to the plaintiff. The answer admits the making, delivery, consideration, and nonpayment, but denies on information and belief the indorsements, and sets up affirmative defenses. The plaintiff introduced the note in evidence, with the indorsements thereon, and rested. The defendant amended his answer and set up a certain agreement, which agreement was the consideration for the note, and alleged its nonfulfillment, and this issue was tried out, resulting in a determination in favor of the plaintiff.

There was no fraud alleged, but merely that the plaintiff had failed to complete the performance of a certain agreement, and upon this issue there was a conflict of evidence. Under the provisions of section 98 of the negotiable instruments law (Laws 1897, p. 733, c. 612), every holder is deemed prima facie to be a holder in due course; but, when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course. Under the admissions of the defendant that the note was made and delivered for a valuable consideration, there could be no defect in the title, and there was no reason, therefore, why the plaintiff should not stand upon the presumption provided for in sec-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion 98 above set forth. The defendant has had the opportunity, in spite of the admissions of his answer, to litigate the question of a failure of the consideration, and he is not in a good position to complain of the judgment which has been entered against him.

The judgment appealed from should be affirmed. All concur, except JENKS and MILLER, JJ., who dissent.